**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Detholoff; Patricia Breidenbaugh; Barbara Palmer; Lynn Sorce; Barbara Vincent; Ruth Suers,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>G.C. Buchanan, Yavapai County Sheriff; Yavapai County Sheriff's Office; Yavapai County,<br><br>　　　　Defendants. | No. CV-05-0140-PCT-MHM<br><br>**ORDER** |

Currently before the Court is Plaintiffs' Second Motion for extension of time to respond to order to file more definite statement (Dkt#12); Plaintiffs' Motion for leave to file a First Amended Complaint (Dkt #13); and Defendants' Motion to dismiss (Dkt#15). After reviewing the papers and determining that oral argument is not necessary the Court issues the following Order.

**I.        Procedural History**

On June 29, 2005, the Court issued an Order granting Defendants' G.C. Buchanan, Yavapai County Sheriff's Office and Yavapai County ("Defendants") Motion for a more definite statement pursuant to Rule 12(e) Fed.R.Civ.P. (Dkt. #9). The Court granted Plaintiffs Allison Detholoff, Patricia Breidenbaugh, Barbara Palmer, Lynn Sorce, Barbara Vincent and Ruth Sauers ("Plaintiffs") "20 days from the date of the order to plead with

1 greater specificity its gender and age discrimination, defamation, and obtaining labor under
2 false pretenses claims." On July 25, 2005, the Court granted Plaintiffs an extension through
3 August 8, 2005, to comply with the Court's Order.  (Dkt. #11).  On August 8, 2005,
4 Plaintiffs' filed a second Motion for an extension of time to comply with the Court's Order.
5 (Dkt.#12). The Court did not grant or deny this request; rather on August 10, 2005, Plaintiffs'
6 filed a Motion for leave to file a First Amended Complaint and lodged its putative First
7 Amended Complaint. (Dkt. #13).  Defendants objected to Plaintiffs' motion for leave on the
8 grounds that amendment would be futile as Plaintiff's putative First Amended Complaint did
9 not state a claim and Plaintiffs failed to exhaust the requisite administrative remedies.
10 (Dkt.#14). Additionally, Defendants' moved to dismiss Plaintiff's First Amended Complaint
11 pursuant to Rules 12(b)(1) and 12(b)(6) Fed.R.Civ.P. (Dkt.#15).

12 It is apparent that confusion has arisen due to Plaintiffs' motion for leave to file a First
13 Amended Complaint.  The Court had expressly granted Plaintiffs' the right to file an
14 amended complaint in its June  29, 2005, order directing Plaintiffs to file a more definite
15 statement. However, Plaintiff may have requested leave to file their first amended complaint
16 due to the Court not responding to its motion for a second extension of time to comply with
17 the Court's Order.  In any event, to clear up this confusion, Plaintiff's second motion for an
18 extension of time will be granted as well as their motion for leave to file a First Amended
19 Complaint. Thus, the issue before the Court is whether Plaintiffs' First Amended Complaint
20 survives Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6).

21 **II.     Background**

22 Plaintiffs allege claims under the Age Discrimination in Employment Act, 29 U.S.C. § 42;
23 29 U.S.C. 623(e) ("ADEA"); the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e
24 ("Title VII"); Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.; Arizona
25 Employment Protection Act (AEPA), A.R.S. § 23-1501; and the Arizona Civil Rights Act,
26 A.R.S. § 41-1461.  (First Amended Complaint, ("Compl.") ¶1).  Plaintiffs claim that
27 Defendants took adverse employment actions and discriminated against Plaintiffs on the
28 basis of age and sex.

1    Plaintiffs' First Amended Complaint alleges that Plaintiffs were hired in 2004 as part of
2 a "bait and switch" scheme by the Defendants to satisfy a Department of Justice study. (First
3 Amended Complaint ("Compl.") ¶12).  Subsequent to being hired, Defendants allegedly
4 received adverse employment actions and were discriminated against based upon sex and
5 age. (Compl. ¶11).  Specifically, Plaintiffs allege that during their employment they were
6 required to work longer hours than what they were originally told, were not allowed lunch
7 hours, were told that they were "always on duty" and were denied medical benefits,
8 retirement benefits, unemployment eligibility, job reference, earned vacation time and sick
9 time.  (Compl. ¶15,19).  Lastly, Plaintiffs, all of whom are over the age of 40, allege that
10 sometime after the Department of Justice study was completed were systematically
11 terminated from employment. (Compl. ¶27).

**III.    Standard**

**A.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a claim for lack of subject matter jurisdiction.  When exhaustion of administrative remedies is required by a federal statute, the failure to exhaust is a jurisdictional defect which deprives the district court of power to hear the matter.  See McNeil v. United States, 508 U.S. 106, 112-13 (1993).

**B.    Rule 12(b)(6)**

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."  Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997). Accordingly, the court will not dismiss a complaint unless it appears beyond a doubt that the claimant can prove no set of facts to support the claim that would entitle the claimant to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).   However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001).

In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Wyler Summit P'ship v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). As such, an inquiry into the adequacy of the evidence is improper when deciding whether to dismiss for failure to state a claim. Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998).

**IV.       Analysis**

Defendants move to dismiss Plaintiffs' claims under the FLSA for failure to state a claim pursuant to Rule 12(b)(6). Additionally, Defendants move to dismiss Plaintiffs' claims under the ADEA, Title VII, and the Arizona Civil Rights Act for failure to exhaust administrative remedies under 12(b)(1). Lastly, Defendants move to dismiss Plaintiffs' state law claims due to Plaintiffs alleged failure to comply with Arizona's "Notice of Claim" requirement pursuant to A.R.S. § 12-821.01(A).

**A.       Plaintiff's Claim Pursuant To The Fair Labor Standards Act**

Plaintiffs allege in their first amended complaint that they were subjected to unfair labor practices in violation of the Fair Labor Standards Act, or FLSA. (Compl. ¶'s 1,10). In reviewing Plaintiffs' response to Defendants' Motion to dismiss, it appears that Plaintiffs are attempting to assert a claim based upon unequal pay because of sexual discrimination pursuant to 29 U.S.C. § 206(d). This statute provides in pertinent part:

> No employer having employees subject to any provisions of this section shall discriminate ... between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work ...

However, wholly absent from Plaintiffs' Complaint is any allegation that the Plaintiffs received an unequal wage based upon their sex. Rather, the Complaint related only instances in which the Plaintiffs were forced to work longer hours than expected or were forced to remain on call. (Compl. ¶15, 19). These allegations relate nothing suggesting that the Plaintiffs were somehow denied wage compensation or received unequal pay in relation to their male counterparts. Because Plaintiffs' Complaint does not touch on the protections

- 4 -

afforded by the FLSA, Plaintiffs fail to state a claim and thus any claim advanced under the FLSA will be dismissed.

### B.     Plaintiffs' Failure to Exhaust Administrative Remedies

Defendant also moves to dismiss Plaintiff's Title VII, ADEA and Arizona Civil Rights Act claims. The basis of this request is based upon Plaintiff's failure to demonstrate exhaustion of these claims.

### (1)    Title VII and The Arizona Civil Rights Act Claims.

It is well established that in order to bring a Title VII action, a litigant must first exhaust her administrative remedies with the appropriate administrative agency. Tanious v. IRS, 915 F.2d 410, 411 (9th Cir. 1990). The same is true with respect to state law claims of discrimination based upon the Arizona Civil Rights Act. See Bodett v. CoxCom, 366 F.3d 736, 740 (9th Cir. 2004) (noting that plaintiff's claim for retaliation under the Arizona Civil Rights Act was dismissed for failure to first file a claim with the Arizona Civil Rights Division); see also Mullenaux v. Graham County, 207 Ariz. 1, 6, 82 P.2d 362, 367 (Ariz. App. 2004) (applying exhaustion requirement to claims advanced under the Arizona Employment Protection Act).  Here, it appears undisputed that Plaintiffs bypassed the requisite administrative requirements before asserting claims based upon these statutes before this Court. Plaintiffs' reliance on public policy does not outweigh the clear requirements and considerations regarding exhaustion.  As such, Plaintiffs' claims pursuant to Title VII, Arizona Civil Rights Act and the AEPA are dismissed.

Additionally, although Plaintiffs cite 42 U.S.C. § 1983 as another basis supporting bypassing the administrative requirements governing their claim, Plaintiffs did not assert any such claim in their Amended Complaint.  Thus, the Court will not now consider a § 1983 claim.

### (2)    ADEA Claim

Defendants also argue that any claim advanced pursuant to the ADEA should be dismissed for failure to exhaust administrative remedies.  However, Defendants fail to note that the

1 Ninth Circuit does not apply the ADEA's exhaustion clause, 29 U.S.C. 626(d), in the same
2 manner as a claim under Title VII.  For instance, in Bak v. United States Postal Service, 52
3 F.3d 241, 243 (9th Cir. 1995) the court held that "a claimant is no longer required to exhaust
4 his administrative remedies with regard to an age discrimination claim prior to filing a civil
5 suit."  As such, dismissal for failure to exhaust is not appropriate with respect to any such
6 claim.

7 However, even considering that Plaintiffs were not required to exhaust their claim under
8 the ADEA, the question still remains whether Plaintiffs have adequately stated a claim for
9 discrimination based upon age.  The Court finds that Plaintiffs have sufficiently alleged such
10 a claim.  Specifically, the Amended Complaint sets forth that Plaintiffs, who were all within
11 the protected class of individuals over 40 years of age, were hired by the Defendants as part
12 of a "bait and switch" program to satisfy a pending Department of Justice study regarding
13 new employees with the Defendant Yavapai County Sheriff's Office. (Compl. ¶12,27).
14 However, once the study was concluded, the six Plaintiffs were systematically terminated.
15 Plaintiffs contend that such termination was based upon their sex and age.  Such allegations
16 sufficiently inform the Defendants of the nature of the claims alleged under the ADEA, thus
17 the Defendants will be required to answer this claim.

### A. "Notice Of Claim" Requirement

19 Lastly, Defendants move to dismiss any state law claim asserted by Plaintiffs.  Defendants
20 note that in Arizona, any claims against a public entity or public employee stemming from
21 that employee's actions within his scope of employment is governed under the "Notice of
22 Claim" requirement of A.R.S. § 12-821.01(A).  Salerno v. Espinoza, 210 Ariz. 586, 588, 115
23 P.2d 626, 688 (Ariz. App. 2005).  The statute relates in pertinent part:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.... Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

In Howland v. State, 169 Ariz. 293, 818 P.2d 1172-73 (Ariz. App. 1991), the appellate court upheld the trial court's decision to dismiss the claim for failure to provide an adequate notice of claim to the defendant State and Department of Corrections. The court deemed a general letter sent by the plaintiff containing general reference to the claims asserted as insufficient to comply with his statutory obligation. Id. The court also noted that the statutory requirement is intended to "provide the state with an opportunity to investigate, assess its potential liability and arrive at a settlement." Id. (citation omitted).

In the present case, there is no indication that the Plaintiffs complied with their statutory obligation to provide notice of their claims to the public entities, Yavapai County Sheriff's office and Yavapai County, and the public employee, G.C. Buchanan, the Yavapai County Sheriff. Rather, it appears from Plaintiffs' amended complaint and Plaintiffs' response to Defendants' motion to dismiss that Plaintiffs ignored this requirement and filed suit. Under such circumstances, Plaintiff's state law claims are barred and thus will be dismissed. See Tryon v. Avra Valley Fire Dist. 659 F. Supp 283, (D. Ariz. 1986) (dismissing state law claims upon summary judgment for failure to comply with Arizona's notice of claim requirement, but noting that the requirement did not apply to federal claims.).

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiffs' Second Motion for extension of time to respond to Order to file more definite statement (Dkt#12).

**IT IS FURTHER ORDERED** granting Plaintiffs' Motion for leave to file first amended complaint (Dkt #13).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendants' Motion to dismiss. (Dkt.#15). Plaintiffs' claim under the Fair Labor Standards Act, is dismissed without prejudice. Plaintiffs' claims advanced under Title VII, the Arizona Civil Rights Act, AEPA and any state law claims are dismissed without prejudice for failure to exhaust the requisite administrative remedies and comply with A.R.S. § 12-821.01A. However, Defendants' Motion to dismiss Plaintiffs' claim based upon the Age Discrimination in Employment Act is denied.

1  DATED this 22nd day of March, 2006.

Mary H. Murguia
United States District Judge