**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Detholoff; Patricia Breidenbaugh; Barbara Palmer; Lynn Sorce; Barbara Vincent; and Ruth Sauers,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>G.C. "Buck" Buchanan, Yavapai County Sheriff; Yavapai County Sheriff's Office; and Yavapai County,<br><br>　　　　Defendant. | No. CV 05-0140-PCT-MHM<br><br>**ORDER** |

Currently before the Court is Defendants G.C. "Buck" Buchanan, Yavapai County Sheriff's Office and Yavapai County's ("Defendants") Motion for Reconsideration (Dkt.#21). After reviewing the pleadings, the Court issues the following Order.

**I.     Background**

On March 31, 2006 the Order addressing Defendants' Motion to dismiss was filed by the Court. (Dkt#20). The Court dismissed without prejudice Plaintiffs' Allison Detholoff; Patricia Breidenbaugh; Barbara Palmer; Lynn Sorce; Barbara Vincent; and Ruth Sauers ("Plaintiffs") claims pursuant to the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e ("Title VII"); the Fair Labors Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Arizona Employment Protection Act, A.R.S. § 23-1501 ("AEPA"), the Arizona Civil Rights Act, A.R.S. § 41-1461 and any state law claims. The majority of these claims were dismissed for

1 failure to exhaust the requisite administrative remedies. The Court denied Defendants'
2 Motion to dismiss regarding Plaintiffs' claim based upon the Age Discrimination in
3 Employment Act, 29 U.S.C. § 42; 29 U.S.C. 623(e) ("ADEA") finding that Plaintiffs were
4 not required to exhaust their administrative remedies under 29 U.S.C. 626(d) prior to filing
5 the claim with the Court and that Plaintiffs' allegations adequately state a claim.

**II.      Discussion**

Defendants request the Court to reconsider its ruling on Plaintiffs' ADEA claim. Defendants argue that the exhaustion requirement of the ADEA is applicable to Plaintiffs as state and local employees and requires that Plaintiffs exhaust their administrative remedies before filing suit, which Plaintiffs have made no indication that they have done.

**A.      Standard for Reconsideration**

Motions for reconsideration are disfavored and only appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied*,114 S.Ct. 2742 (1994). Accordingly, courts grant such motions only in rare circumstances. See Sullivan v. Faras-RLS Group, Ltd., 795 F. SUPP. 305, 308-09 (D.Ariz.1992).

Here, Defendants are proceeding on the basis that the Court incorrectly applied the holding in Bak v. United States Postal Service, 52 F.3d 241 (9th Cir. 1995), *cert denied sub nom*, Bak v. Runyon, 522 U.S. 952, 118 S.Ct 374 (1997), to the facts of the present case in excusing Plaintiffs failure to make any showing that they exhausted their administrative remedies in bringing forth their claim pursuant to the ADEA. Conversely, Defendants argue that the Court was correct in applying Bak to hold that Plaintiffs as state and local employees were not obligated to make any showing that they exhausted their administrative remedies as the ADEA does not impose such an obligation upon them. In reviewing the law on this issue, it is apparent that the exception that the Court cited to excuse Plaintiffs of their obligation to exhaust is applicable only to federal employees, not to non-federal employees

such as the Plaintiffs in this case.  Therefore, the Court should have dismissed Plaintiffs' ADEA claim without prejudice for failure to comply with the ADEA's exhaustion requirement before bringing suit, 29 U.S.C. § 626(d).

### B. Only Federal Employees Are Excused from The ADEA's Exhaustion Requirement.

29 U.S.C. 626(d) provides in pertinent part:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.  Such a charge shall be filed (1) within 180 days after the alleged unlawful practice occurred; or (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

In their original Motion to dismiss, Defendants relied upon this section in arguing that dismissal of Plaintiffs' ADEA claim is warranted because Plaintiffs have made no indication that they have exhausted their administrative remedies or even filed a charge with the EEOC. In denying Defendants' Motion regarding Plaintiffs' ADEA claim, the Court relied upon the Ninth Circuit's holding in Bak which held that the plaintiff, a United States postal worker, was not required to exhaust his administrative remedies with regard to his age discrimination suit prior to filing his civil suit.  Id. at 244.  It is now apparent that the application of this holding is limited to the scope of claims brought by federal employees only, not to state and local employees such as the Plaintiffs in this case.

The Fifth Circuit addressed this distinction in Scott v. University of Mississippi, 148 F.3d 493 (5th Cir. 1998), *abrogated on other grounds*, Kimel v. Florida Bd. of Regents, 528 U.S. 62, 120 S.Ct. 631 (2000) in a case involving an age discrimination claim brought by a state university employee. Specifically the state employee plaintiff, who had failed to exhaust his administrative remedies through the EEOC prior to bringing his ADEA claim, argued that he was excused from that requirement as the exhaustion requirement in ADEA cases had been eliminated. Id. at 513-14. The Fifth Circuit in rejecting this argument and in using Bak as distinguishing authority noted that those cases excusing the exhaustion requirement address the interpretation and application of regulations which govern complaints filed by

1  federal employees only. Id., (citing also Adler v. Espy, 35 F.3d 263, 264 (7th Cir. 1994);
2  Bornholdt v. Brady, 869 F.2d 57, 63 (2d Cir. 1989) (emphasis added). Thus, the Fifth Circuit
3  affirmed the dismissal of the state employee's ADEA claim for failure to comply with the
4  ADEA's exhaustion requirement under 29 U.S.C. 626(d).

5  Additionally, the weight of authority demonstrates that the ADEA's exhaustion clause is
6  binding. Sanchez v. Pacific Powder Co., 147 F.3d 1097, 1099 (9th Cir. 1998)(stating that
7  failure to file a charge within time limits specified under 29 U.S.C. § 626(d) "prevents a
8  person from litigating a claim."); Legnani v. Alitalia Linee Aeree Italiane, SPA, 274 F.3d
9  683, 686 (2d Cir. 2001) (stating that "[u]nder both Title VII and the ADEA, a claimant may
10 bring suit in federal court only if she has filed a timely complaint with the EEOC and
11 obtained a right-to-sue letter").

12 In disputing Defendants' position regarding the exhaustion requirement prior to filing suit,
13 Plaintiffs cite several cases in support of their position that exhaustion is unnecessary.
14 However, the cases cited by Plaintiffs address cases involving only federal employees, who
15 are governed by the specific authority of 29 U.S.C. § 633a or are otherwise distinguishable
16 from the instant case. For instance, in Bankston v. White, 345 F.3d 768 (9th Cir. 2003) the
17 Ninth Circuit held that the federal employees' ADEA claim against the Department of Army
18 was not barred by plaintiffs' failure to exhaust administrative remedies based upon their
19 voluntary dismissal of their appeal to the Merit System Protection Board.  This is not
20 instructive as the present case does not involve any federal employees. See also Langford
21 v. United States Army Corps. of Engineers, 839 F.2d 1192 (6th Cir. 1988) (holding that
22 plaintiff employees of the United States Army were not required to exhaust their
23 administrative remedies before filing a civil action under the ADEA where they had initiated
24 such proceedings.); Yap v. Slater, 165 F. Supp.2d 1118, 1124-25 (D. Hawaii, 2001) (noting
25 that "[a] federal employee alleging violations of the ADEA need not exhaust administrative
26 remedies, but may file a complaint in federal court in the first instance.").

27 Further, in Albano v. Schering-Plough Corp., 912 F.2d 384 (9th Cir. 1990) the appellate
28 court excused the private plaintiff's failure to exhaust his administrative remedies prior to

1  bringing an ADEA claim in Federal court where the failure to do so was attributable to the
2  fault of the EEOC. Again, this is not instructive, because in the instant case it appears that
3  no charge was ever filed with the EEOC, thus obviously Plaintiffs' failure to exhaust cannot
4  be attributed to the EEOC.

5  Plaintiffs also cite the holding in Alder v. Espy, 35 F.3d 263 (7th Cir. 1994) for the
6  proposition that the exhaustion requirement has been done away with in the Federal Circuit.
7  However, the actual holding in Alder is not so broad. Rather, the holding in Alder provides
8  only that a federal employee may bring a lawsuit under the ADEA despite having earlier
9  abandoned EEOC proceedings. Id.; see also Bankston, 345 F.3d at 775 (discussing the
10 holding in Alder).

11 Thus, in reviewing the authority on this issue, the exhaustion requirement is binding upon
12 Plaintiffs as non-federal employees. Therefore, because Plaintiffs fail to make any showing
13 that they exhausted their requisite administrative remedies, Plaintiffs' ADEA claim is
14 dismissed without prejudice.

15 **C.     Dismissal With Leave to Amend**

16 In the Court's previous order, the Court specified that it dismissed without prejudice
17 Plaintiffs Title VII, Arizona Civil Rights Act, and Plaintiffs' state law claims brought under
18 the Arizona Employment Act for failure to exhaust the requisite administrative remedies or
19 comply with Arizona's "Notice of Claim" requirement. Dismissal of these claims was made
20 pursuant to Rule 12(b)(1), Fed.R.Civ.P. Additionally, Plaintiffs' Fair Labor Standards Act
21 ("FLSA"), 29 U.S.C. § 201, claim was dismissed for failure to state a claim under Rule
22 12(b)(6), Fed.R.Civ.P.

23 While dismissing the majority of Plaintiffs' claims without prejudice, the Court made no
24 determination as to whether it would grant Plaintiffs leave to amend their claim based upon
25 the FLSA. It is well established in the Ninth Circuit that in dealing with dismissal of claims
26 under Rule 12(b)(6) "a district court should grant leave to amend even if no request to amend
27 the pleading was made, unless it determines that the pleading could not possibly be cured by
28

1  the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); (citing
2  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

3  In reviewing, Plaintiffs' FLSA claim asserted in their Amended Complaint, Plaintiffs fail
4  to set forth any allegation that the Plaintiffs received unequal pay because of their sex under
5  29 U.S.C. § 206(d).  However, this defect could be cured by the allegation of such facts if
6  they exist.  As such, the Court will grant leave to Plaintiffs to assert a Second Amended
7  Complaint to assert such allegations in support of Plaintiffs' FLSA claim.

8  **Accordingly,**

9  **IT IS HEREBY ORDERED** granting Defendants' Motion for Reconsideration.
10 (Dkt.#21).   Plaintiffs' claim based upon the Age Discrimination in Employment Act is
11 dismissed without prejudice.

12 **IT IS FURTHER ORDERED** that Plaintiffs' claims based upon Title VII claim, 42
13 U.S.C. § 2000e, the Arizona Civil Rights Act, A.R.S. § 41-1461 and Plaintiffs' state claims
14 brought under the Arizona Employment Act ("AEPA"), A.R.S. § 12-1501 are dismissed
15 without prejudice.

16 **IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file a Second Amended
17 Complaint in support of their FLSA claim.  Any such amended complaint shall be filed
18 within 20 days of the date this Order is filed.

19 **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter a judgment of
20 dismissal without prejudice and without further notice to Plaintiffs, if Plaintiffs fail to timely
21 file a Second Amended Complaint within 20 days from the date this Order is filed.

22 DATED this 1st day of August, 2006.

_____
Mary H. Murguia
United States District Judge