**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Detoloff, Patricia Breidenbaugh, Barbara Palmer aka Barbara Aguilera, Lynn Sorce, Barbara Vincent and Ruth Sauers,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>G.C. "Buck" Buchanan, Yavapai County Sheriff, et al.,<br><br>　　　　Defendants. | No. CV-05-0140-PCT-MHM<br><br>**ORDER** |

On February 22, 2007, the assigned District Judge referred this case to the undersigned Magistrate Judge for purposes of conducting a Settlement Conference. (docket # 41) In response to this referral, the undersigned issued his Settlement Conference Order on March 7, 2007, setting the settlement conference for this Wednesday, September 12, 2007. (docket # 46) As authorized in the Settlement Conference Order, Defendants filed their Notice Re Futility of Settlement Conference, dated August 28, 2007. Plaintiffs thereafter filed their Motion to Continue the Settlement Conference on September 5, 2007. (docket # 63 and # 65) Neither Plaintiffs' nor defense counsel exercised the courtesy or common sense to notify the undersigned's chambers of the pending Notice or Motion directly related to the subject referral or provide copies to the undersigned's chambers email box. Chamber's staff

serendipitously discovered the August 28, 2007 Notice and September 5, 2007 Motion when preparing this week's calendar last Friday, September 7.

After reviewing the pending Notice, Motion and Defendant's Response wherein Defendants contend that "Defendants do not intend on paying money in this matter[,]" Plaintiffs' theories of liability are "frivolous and the continuation of this lawsuit a violation of Rule 11[,]" and "the settlement conference should be canceled as it is likely to be futile[,]" it is patently clear that conducting a settlement conference at this time is a waste of time, limited resources and inconsistent with Rule 1, FED.R.CIV.P. (docket 66 at 2-3) The federal civil procedure "rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1, FED.R.CIV.P.

Although the law favors the voluntary settlement of civil suits, *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 997 (2d Cir. 1983), it does not sanction efforts by trial judges to effect settlements through coercion. *Del Rio v. Northern Blower Co.*, 574 F.2d 23, 26 (1st Cir. 1978) ( citing *Wolff v. Laverne, Inc.*, 17 A.D.2d 213, 233 N.Y.S.2d 555 (1962)). In the *Wolff* case, cited with approval in *Del Rio*, *supra*, the Court said:

> We view with disfavor all pressure tactics whether directly or obliquely, to coerce settlement by litigants and their counsel. Failure to concur in what the Justice presiding may consider an adequate settlement should not result in an imposition upon a litigant or his counsel, who reject it, of any retributive sanctions not specifically authorized by law.

17 A.D.2d at 215, 233 N.Y.S.2d at 557.  In short, pressure tactics to coerce settlement simply are not permissible. *Schunk v. Schunk*, 84 A.D.2d 904, 905, 446 N.Y.S.2d 672 (1981); *Chomski v. Alston Cab Co.*, 32 A.D.2d 627, 299 N.Y.S.2d 896 (1969). "The judge must not compel agreement by arbitrary use of his power and the attorney must not meekly submit to a judge's suggestion, though it be strongly urged." *Brooks v. Great Atlantic & Pacific Tea Co.*, 92 F.2d 794, 796 (9th Cir. 1937).

Rule 16(c)(9), which expressly authorizes civil settlement conferences, "was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise." *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985). The purpose of Rule 16,

FED.R.CIV.P., is not "to impose settlement negotiations on unwilling litigants." Fed.R.Civ.P. 16 Advisory Committee's Notes; *In re Novak*, 932 F.2d 1397, 1405 n. 15 (11th Cir. 1991). It is unreasonable to force Defendants to incur unnecessary attorneys' fees and travel expenses to participate in a settlement conference in Phoenix knowing in advance that Defendants are adamant that they will not pay any monetary amount to settle this case and the only acceptable terms of any settlement would be "a demand that Plaintiffs, and their counsel, compensate Defendants." (docket # 66 at 2)  Such a voluntary resolution of this case, if accepted, may be easily accomplished without conducting a formal settlement conference.

The Court concludes that conducting a settlement conference at this time in this case would be a futile act resulting in an economic waste of time and limited resources. When and if the parties stipulate and agree that conducting a settlement conference may be helpful to voluntarily solve all or some of the issues in dispute, both counsel need only file a stipulation setting forth the parties' agreement, <u>timely provide the undersigned's chambers with a copy</u>, and a settlement conference will be reset before the undersigned.

**IT IS ORDERED** that the September 12, 2007 settlement conference is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Continue the Settlement Conference, docket # 65, is **DENIED** as moot.

DATED this 10th day of September, 2007.

Lawrence O. Anderson
United States Magistrate Judge