**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| ALLISON DETHOLOFF, PATRICIA BREIDENBAUGH, BARBARA PALMER a.k.a. BARBARA AGUILERA, LYNN SORCE, BARBARA VINCENT, and RUTH SAUERS,<br><br>Plaintiffs,<br><br>vs.<br><br>G.C. "BUCK" BUCHANAN, Yavapai County Sheriff, YAVAPAI COUNTY SHERIFF'S OFFICE, and YAVAPAI COUNTY,<br><br>Defendants. | No. CV 05-140-PCT-MHM<br><br>**ORDER** |

Currently before the Court is Defendants G.C. "Buck" Buchanan, Yavapai County Sheriff, Yavapai County Sheriff's Office, and Yavapai County's (collectively "Defendants") motion for summary judgment. (Dkt. #76). Also before the Court is Defendants' motion to strike portions of Plaintiffs' Statement of Facts. (Dkt. #90). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

**I.    BACKGROUND**

This action was removed from Yavapai County Superior Court on January 12, 2005. (Dkt. #1). At that time, Plaintiffs asserted claims against Defendants under the Age Discrimination in Employment Act, 29 U.S.C. § 42, 29 U.S.C. 623(e) ("ADEA"); Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.; the Arizona Employment Protection Act ("AEPA"), A.R.S. § 23-1501; and the Arizona Civil Rights Act, A.R.S. § 41-1461 ("ACRA"). (First Amended Complaint, ¶1).

On March 31, 2008, the Court dismissed Plaintiffs' claims under the FLSA for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). (Dkt. #20). The Court also dismissed Plaintiffs' claims under Title VII, the AEPA, and the ACRA for failure to exhaust administrative remedies and comply with A.R.S. § 12-821.01A. (Dkt. #20). In addition, on August 11, 2006, the Court dismissed Plaintiff's ADEA claim upon motion for reconsideration and granted Plaintiffs leave to file a second amended complaint to state a claim under the FLSA. (Dkt. #31). Plaintiffs filed a second amended complaint on August 21, 2006, alleging that Defendants violated the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), by paying Plaintiffs, all of whom are female, "less than their similarly-situated male colleagues." (Second Amended Complaint ("Comp."), ¶13). Plaintiffs, all of whom are women, allege that they were hired in 2004 as "Detention Support Specialists" in the Yavapai County Jail as part of a "bait and switch" scheme that Defendants concocted to satisfy an order by the Department of Justice to enhance the safekeeping of inmates in Yavapai County. (Compl. ¶12; Dkt. #87). Specifically, Plaintiffs allege that they Defendants only hired women to serve as Detention Support Specialists rather than Detention Officers so that Defendants could pay them less than men serving in essentially the same functions. (Dkt. #87, pp. 2-3).

Defendants again sought to dismiss Plaintiff's complaint pursuant to FRCP 12(b)(6), but the Court held that the complaint satisfied the liberal standard employed in Rule 12(b)(6) challenges because "[w]hile Plaintiffs have not alleged many facts to support their claim that male employees performed equal work and were paid higher wages, Plaintiffs do describe the nature of the work that Plaintiffs performed and, presumably, could demonstrate that male employees performed substantially equal work and were paid higher wages." (Dkt. #36). Defendants now seek summary judgment on Plaintiffs' EPA claim and move to strike

1 portions of Plaintiffs' statement of facts in support of their response to Defendants' motion
2 for summary judgment. (Dkt. #s 76, 90).

3 **II.     MOTION TO STRIKE**

4 "It is well settled that only admissible evidence may be considered by the trial court
5 in ruling on a motion for summary judgment." <u>Beyene v. Coleman Sec. Serv., Inc.</u>, 854 F.2d
6 1179, 1181 (9th Cir. 1988). In support or opposition to summary judgment, "affidavits shall
7 be made on personal knowledge, shall set forth such facts as would be admissible in
8 evidence, and shall show affirmatively that the affiant is competent to testify to the matters
9 stated therein." Fed.R.Civ.P. 56(e). Conclusory and speculative testimony in affidavits and
10 moving papers is insufficient to raise genuine issues of fact and to defeat summary judgment.
11 <u>Thornhill Publ'g Co., Inc. v. GTE Corp.</u>, 594 F.2d 730, 738 (9th Cir. 1979). However, "[a]t
12 the summary judgment stage, [courts] do not focus on the admissibility of the evidence's
13 form. [Courts] instead focus on the admissibility of its contents." <u>Fraser v. Goodale</u>, 342
14 F.3d 1032, 1036 (9th Cir. 2003) (citation omitted).

15 Defendants move to strike Plaintiffs' entire Statement of Facts, or in the alternative,
16 portions of Plaintiff's Statement of Facts. (Dkt. #90). Specifically, Defendants contends that
17 the affidavits attached to Plaintiffs' Statement of Facts contradict Plaintiffs' sworn answers
18 to interrogatories and deposition testimony. (Dkt #90, ¶2). First, the Court notes
19 Defendants' motion to strike violates Local Rule of Civil Procedure 7.2(m), which clearly
20 states that "[a]n objection to the admission of evidence offered in support of or opposition
21 to a motion must be presented in the objecting party's responsive or reply memorandum (or,
22 if the underlying motion is a motion for summary judgment, in the party's response to
23 another party's separate statement of material facts) *and not in a separate motion to strike*
24 or other separate filing." L.R.Civ. 7.2(m)(2) (emphasis added). Second, Defendants
25 contends that Plaintiffs' affidavits directly contradict Plaintiffs' prior sworn information
26 because although each of Plaintiffs' affidavits states that "[i]n my May 2007 Interrogatory
27 Responses I identified similarly-situated male employees by name, title and duty" (Dkt. #88,
28 Ex. B-G), Plaintiffs in fact stated in their May 2007 Interrogatories that "Plaintiff is not

- 3 -

aware of any particular name of a similarly situated male." (Dkt. #90, ¶2). Although Plaintiffs object to Defendants' motion to strike, their response simply reiterates the substantive arguments contained in their response to Defendants' motion for summary judgment; Plaintiffs do not respond to Defendants' specific evidentiary objections. (Dkt. #93). As such, the Court will strike the third paragraph in each of Plaintiffs' affidavits, as attached to Plaintiffs' response to Defendants' motion for summary judgment.

However, the Court will not strike Plaintiffs' entire Statement of Facts. Although Plaintiffs did not state in their depositions that there were "similarly situated" male employees that carried the same job title as Plaintiffs, Plaintiffs did identify male employees with different job titles that they contend are "similarly situated" for purposes of the EPA. Whether those identified employees are in fact "similarly situated" is a question reserved for summary judgment. In addition, to the extent that Defendants' object to certain statements in Plaintiffs' Statement of Facts as conclusory or unsupported by Plaintiffs' affidavits, the Court takes note of those objections and will consider them in ruling on the pending motion for summary judgment, to which the Court now turns.

### III.    MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on Plaintiff's Equal Pay Act claim, arguing that Plaintiffs's have failed to establish that they were paid less than any "similarly situated" male employees. (Dkt. #76). In response, Plaintiffs, all of whom are women and were formerly employed by Defendants as "Detention Support Specialists," contend that they have identified male "Detention Officers" who performed essentially the same functions as Plaintiffs, and thus should be considered "similarly situated" male employees for purposes of the EPA. (Dkt. #87).

####     A.    Summary Judgment Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of

establishing the absence of any genuine issue of material fact; the moving party must present the basis for its summary judgment motion and identify those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Devereaux v. Abbey</u>, 263 F.3d 1070, 1076 (9th Cir. 2001). A material fact is one that might affect the outcome of the case under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute about a material fact must also be "genuine," such that a reasonable jury could find in favor of the non-moving party. <u>Id.</u>; <u>Anheuser -Busch, Inc. v. Natural Beverage Distrib.</u>, 69 F.3d 337, 345 (9th Cir. 1995).

In determining whether the moving party has met its burden, the Court views the evidence in the light most favorable to the nonmovant. <u>Allen v. City of Los Angeles</u>, 66 F.3d 1052, 1056 (9th Cir. 1995). The Court may not make credibility determinations or weigh conflicting evidence. <u>Musick v. Burke</u>, 913 F.2d 1390, 1394 (9th Cir. 1990). Furthermore, the Court must draw all reasonable inferences in favor of the nonmovant. <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion for summary judgment, then the burden shifts to the non-moving party to present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); <u>Matsushia Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986). The nonmovant may not rest on bare allegations or denials in his pleading, but must set forth specific facts, by affidavit or as otherwise provided by Rule 56, demonstrating a genuine issue for trial. Fed.R.Civ.P. 56(e); <u>Anderson</u>, 447 U.S. at 248-49. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

In sum, the question on motion for summary judgment is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Anderson</u>, 447 U.S. at 521-52. A district court is not required to probe the record in search of a genuine issue of triable fact. <u>Keenan v. Allen</u>, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmovant has the burden of

identifying with reasonable particularity the evidence that precludes summary judgment. Id.; see Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001) (even if there is evidence in the record that creates a genuine issue of material fact, a district court may grant summary judgment if the opposing party's papers do not include or conveniently refer to that evidence). The mere existence of a scintilla of evidence supporting the nonmovant's petition is insufficient; there must be evidence from which a trier of fact could reasonably find for the non-movant. Id. at 252.

### B. Equal Pay Act

The Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), "embodies the principle that employees doing equal work should be paid equal wages, regardless of sex." Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1414 (9th Cir. 1988). As such, the EPA prohibits an employer from discriminating

> between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to . . . a differential based on any other factor other than sex . . . .

To recover under the EPA, "a plaintiff must prove that an employer is paying different wages to employees of the opposite sex for equal work." Hein v. Oregon College of Education, 718 F.2d 910, 913 (9th Cir. 1983); see Forsberg, 840 F.2d at 1414 ("[U]nder the EPA, a plaintiff bears the burden of establishing that he or she did not receive equal pay for equal work.").

In order to establish a prima facie case under the EPA, a plaintiff must show (1) that the employer pays different wages to employees of the opposite sex, (2) that the employees perform jobs that are substantially equal skill, effort, and responsibility, and (3) that the jobs compared are performed under similar working conditions. Forsberg, 840 F.2d at 1414 ("[T]he EPA defines what constitutes equal work by specifying that jobs are equal if their performance requires 'equal skill, effort, and responsibility' and they are performed under 'similar working conditions.'") (citing 29 U.S.C. § 206(d)(1)); see Schultz v. Wheaton Glass Co., 421 F.2d 259 (3d Cir. 1970), *cert. denied*, 398 U.S. 905 (a plaintiff must prove that the

"skill, effort, and responsibility" required in the performance of the compared jobs are "substantially similar"). The jobs being compared need not be identical; instead, "a court should rely on actual job performance and content rather than job descriptions, titles, or classifications." Forsberg, 840 F.2d at 1414; see EEOC v. Maricopa County Community College, 736 F.2d 510, 513 (9th Cir. 1984) ("To be 'substantially equal,' the jobs need not be identical, but must require similar skills, effort and responsibility performed under similar conditions; it is actual job performance requirements, rather than job classifications or titles, that is determinative."); see also Angelo v. Bacharach Instrument Co., 555 F.2d 1164, 1175-76 (3d Cir. 1977) ("[D]ifferences in responsibility between two jobs can be offset by competing differences in the skill required so as to make the two jobs equal.").

**C.     Discussion**

Plaintiffs are females; they were hired by Defendants as Detention Support Specialists in the Yavapai County Jail. Plaintiffs contend that they were paid less than male Detention Officers, a position that Plaintiffs assert is similarly situated to their position as Detention Support Specialists. Indeed, Plaintiffs state that Defendants, under order of the Department of Justice to enhance the safekeeping of inmates in Yavapai County, "implemented an invidious artifice to bring the Yavapai County Detention system into compliance" by creating the Detention Support Specialist position and hiring only women for that position so that they could pay them less than men "serving in essentially the same functions." (Dkt. #87, p.3). Defendants, on the other hand, argue that Plaintiffs can not establish a prima facie case of wage disparity based on gender under the EPA. Defendants contend that Plaintiffs have not even shown that "the pay differential complained of is [ ] based on differing wages to employees of the 'opposite sex'," let alone that Detention Officer and Detention Support Specialist positions require substantially equal skill, effort, and responsibility, or are performed under substantially similar circumstances. (Dkt. #76, p.13). The main dispute is whether Detention Support Specialists and Detention Officers are "similarly situated" for purposes of the EPA.

The first problem with Plaintiffs' EPA claim is that although only females were hired as Detention Support Specialists, there are both male *and female* Detention Officers. As such, Plaintiffs can not "prove that [Defendants are] paying different wages to employees of the opposite sex for equal work." Hein, 718 F.2d at 913. Instead, Plaintiffs seem to merely contend that they should have been paid the same wages as Detention Officers because as Detention Support Specialists, they allegedly performed the same basic duties as Detention Officers. Plaintiffs argue that Defendants paid different wages to employees of both sexes for allegedly equal work; but that is not an actionable claim under the EPA.

However, Plaintiffs also seem to assert that Defendants created the Detention Support Specialist position merely so that they could hire females for the position, have them perform the same duties as Detention Officers, and pay them less than Detention Officers. Indeed, the Court can envision a scenario where an EPA claim might be actionable if Plaintiffs could show that the Detention Officers were primarily male, those that were female were merely a smokescreen, and the Detention Support Specialist position was created to intentionally funnel females into the position so that Defendants could pay them less than males. Nonetheless, Plaintiffs offer no evidence to prove that such an "invidious" scheme existed. Plaintiffs do not respond to the existence of both male and female Detention Officers; their EPA claim fails on that basis, as Plaintiffs are unable to establish that Defendants pay different wages to employees of the opposite sex.

In addition, Plaintiffs do nothing more in their response to Defendants motion for summary judgment than to state that their jobs as Detention Support Specialists "[were] in all respects the very same job had by male [D]etention [O]fficers." (Dkt. #87, p.3). Plaintiffs, however, do not state how their jobs were "similar in all respects" to those held by Detention Officers. However, in their Statement of Facts, Plaintiffs highlight the qualifications and responsibilities of Detention Support Specialists and Detention Officers. Plaintiffs state that the minimum qualifications for a Detention Support Specialist include (1) two years prior experience as a detention records clerk or equivalent clerical experience from prior employment and (2) a valid driver's license; the minimum qualifications for a Detention

Officer include (1) possession of a high school diploma or GED, (2) completion of a six month probationary period, (3) completion of a 240 hour Basic Detention Academy program, (4) possession of a valid driver's license, and (5) successful completion of a polygraph, psychological, and physical fitness examination." (Dkt. #88, Plaintiffs' Separate Statement of Facts ("PSOF"), ¶¶ 9, 10).

In addition, Plaintiff state that the essential functions of a Detention Support Specialist are to assist with inmate booking and release, sorting and analyzing information received from the courts, compilation of statistical data, information verification, general clerical work, interface with the public and local agencies, and file maintenance. (PSOF ¶ 11). The essential functions of a Detention Officer are to observe, control, and supervise inmate activities, maintain detention records, collect and distribute inmate mail, maintain safety and security within the jail facility, physically escort inmates within and outside the jail facility, supervise inmate visitation, perform physical searches of inmates and the jail facility, and conduct inventory of detention facility supplies. (PSOF ¶ 12). In fact, Plaintiffs specifically state that

> [u]nlike Detention Support Specialists, uniformed Detention Officers receive extensive training which allows the Yavapai County Sheriff to deploy those officers to any relevant jail duty which can include, but is not necessarily limited to, inmate booking, inmate transportation outside of the facility, supervision of inmate visitation, inmate transportation within the facility, searches of inmates and their living spaces, direct interface with inmates during visitation to medical or during mealtimes, direct observation and control of inmates in their living spaces, and emergency response to various inmate medical and/or security issues.

(PSOF ¶ 15). These facts are undisputed; and understandably so, because these clearly establish the differences between Detention Support Specialists and Detention Officers.

Plaintiffs acknowledge the many differences between Detention Support Specialists and Detention Officers in their Statement of Facts, but then also point to the fact that Detention Officers sometimes performed functions that Detention Support Specialists performed, such as inmate booking. However, the overlap of a few duties does not somehow establish that the compared positions are similarly situated. See Doria v. Cramer Rosenthal McGlynn, Inc., 942 F.Supp. 937, 942 (S.D.N.Y. 1996) ("When the additional tasks of one

- 9 -

job in comparison to another job are substantial, the jobs are not congruent and the work is not equal."). Here, the positions at issue differed significantly, a fact that Plaintiffs acknowledge in their Statement of Facts and acknowledged in their individual depositions. See PSOF ¶¶ 23, 27-31, 33, 34, 36, 37, 40, 41, 43-46, 48-52, 54. As was the case in Ruffin v. Los Angeles County, Plaintiffs "wholly ignore[] many uncontroverted factual differences between the [Detention Officer] and [Detention Support Specialist] positions, differences which defeat . . . [Plaintiffs] argument that female [Detention Support Specialists] are 'similar,' for . . . Equal Pay Act purposes, to [Detention Officers]." 607 F.2d 1276, 1279 (9th Cir. 1979) (finding sufficient differences between corrections officer and deputy sheriff positions to preclude an EPA claim where deputy sheriffs were required to meet more rigorous physical requirements, complete a training program, receive assignments outside of the Custody Division, and were vested with greater authority than corrections officers outside the jailhouse gates).

Additionally, although Plaintiffs' Statement of Facts asserts that like Detention Officers, each Plaintiff "had extensive contact with inmates" (PSOF ¶ 16), that contact was very limited compared to that of Detention Officers – Plaintiffs "confirmed that '99%' of [their] job duties were performed in the confined space known as the 'intake area'," and that unlike Detention Officers, Plaintiffs did not "supervis[e] suicidal inmates, [transport] inmates, [do] health and welfare checks of any kind, [pass] out food trays, [assist] medical staff, [do] headcounts, or engag[e] in routine, direct inmate searches" (PSOF ¶¶ 28, 30, 36-38, 41, 43-44, 46, 49-50). Further, Plaintiffs' citations do nothing to support their contention that Detention Officers and Detention Support Specialists should be considered "similarly situated"; Plaintiffs point to nothing in particular in the cited cases and draw no comparisons or distinctions to the present case other than to conclusory state that there are material facts in dispute, which there are not, as discussed above.

The Court will not belabor this point. In addition to failing to address the fact that there are both male and female Detention Officers, Plaintiffs fail to establish that Detention Officers were "similarly situated" to Detention Support Specialists for purposes of the Equal

Pay Act. In fact, Plaintiffs' own Statement of Facts and depositions establish otherwise. Even viewing the facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs fail to establish a prima facie case under the EPA; there is no evidence from which a trier of fact could reasonably find for Plaintiffs. As such, because the Court will grant Defendants' motion for summary judgment, the Court need not determine whether Plaintiffs also failed to properly disclose any Equal Pay Act damages during discovery.

**Accordingly,**

**IT IS HEREBY ORDERED** that Defendants' motion to strike is GRANTED IN PART to the extent discussed in this order. (Dkt. #90).

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is GRANTED. (Dkt. #76).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED this 15th day of September, 2008.

*/s/ Mary H. Murguia*
United States District Judge